UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BILLY BAYER, by his parent and<br>next friend MARIE BAYER, and<br>MARIE BAYER, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-074 RM |
| | ) | |
| DUNELAND SCHOOL CORP., and<br>PORTER COUNTY EDUCATION<br>INTERLOCAL | ) | |

OPINION and ORDER

Marie Bayer, without benefit of counsel, sues Duneland School Corporation
and Porter County Education Interlocal on behalf of herself and her son Billy,
alleging violations of the Individuals with Disabilities Education Act (IDEA), § 504
of the Rehabilitation Act, the Americans with Disabilities Act (ADA), the Due
Process Clause of the Fourteenth Amendment, and the Family Educational Rights
Privacy Act (FERPA). The court earlier granted summary judgment on the Bayers'
IDEA claim, finding the administrative hearing officer and the Board of Special
Education did not err in finding that the defendants provided Billy with a free,
appropriate, public education. The defendants now seek summary judgment on
the remaining claims, and for the reasons that follow, the court grants the motion
in part and denies the motion in part.[1]

---

[1] For a complete recitation of the background facts, see Doc. No. 79.

The Bayers bring a claim under § 504 of the Rehabilitation Act which provides in relevant part:

> No otherwise qualified handicapped individual in the United States, ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794. They say the defendants discriminated against Billy by failing to provide special education services to meet his individual needs. The court cannot agree.

The Rehabilitation Act requires a recipient of federal funding that operates a public education program to provide a "free appropriate public education." 34 C.F.R. § 104.33(a). One way to establish compliance with the Rehabilitation Act is through "[t]he implementation of an [IEP] developed in accordance with the [IDEA] . . .." 34 C.F.R. § 104.33(b)(2). The Bayers' § 504 claim is based on the same allegations as their IDEA claim: that the defendants failed to "provide appropriate modifications in [Billy's IEP]," and "guarantee [ ] certain procedural safeguards, similar to those granted under the IDEA." The court already found that the Bayers cannot show the defendants failed to comply with the substantive (a free, appropriate, public education) and procedural requirements of the IDEA in developing Billy's IEP and nothing in this summary judgment record occasions doubt about that finding, so the court also finds the Bayers cannot show the defendants violated the education requirements of the Rehabilitation Act. *See, e.g.,* N.L. ex rel. Mrs. C. v. Knox County Schools, 315 F.3d 688, 695 (6th Cir. 2003)

("section 504 claims are dismissed when IDEA claims brought on the theory of a denial of fee appropriate public education are also dismissed"); *see also* <u>D.F. v. Western School Corp.</u>, 921 F. Supp. 559, 573 (S.D. Ind. 1993) (finding that the plaintiffs could not show a violation of the Rehabilitation Act when they failed to meet their burden of showing they were denied a free, appropriate, public education under the IDEA). The defendants' motion for summary judgment on the Bayers' § 504 claim is granted.[2]

The Bayers also say the defendants have violated Billy's rights under the ADA, but don't cite to any specific statutory provision in their complaint or response to summary judgment. Count two of their complaint, entitled "Section 504 of the Rehabilitation Act and ADA," alleges "Billy was never allowed to have any services to meet his individual needs, thus, he was not an equal to a student who did not have his disabilities, i.e. ADHD." The court therefore assumes the Bayers intend to proceed under § 202 of the ADA, which provides in part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

---

[2]While the substantive requirements of the IDEA and § 504 are "strikingly similar," <u>Smith v. Robinson</u>, 468 U.S. 992, 1017 (1984), the court does not hold that the two statutes are coextensive. In the context of special education, § 504 doesn't require affirmative action to accommodate the disabled, only the absence of discrimination. <u>Southeastern Community College v. Davis</u>, 442 U.S. 397, 410-411 (1979). The court's holding is limited to when a plaintiff's § 504 claims is based on the same allegations as an IDEA claim which alleges the denial of a free, appropriate, public education.

Section 202 of the ADA, like § 504 of the Rehabilitation Act, prohibits discrimination on the basis of disability in the administration of a public program. Barnes v. Gorman, 536 U.S. 181, 184-185 (2002) ("section 202 of the ADA prohibits discrimination against the disabled by public entities; § 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding"). The rights and standards set forth in § 504 are the rights and standards under § 202. Washington v. Indiana High School Athletic Ass'n, Inc., 181 F.3d 840, 845 n.6 (7th Cir. 1999); Pace v. Bogalusa City School Bd., 403 F.3d 272, 291 (5th Cir. 2005); McPherson v. Michigan High School Athletic Ass'n, Inc.,119 F.3d 453, 459-460 (6th Cir. 1997).[3] Because the Bayers cannot show Billy was subject to discrimination under § 504, they cannot show he was discriminated against under the ADA, and the defendants are entitled to judgment as a matter of law. *See, e.g.*, D.F. v. Western School Corp., 921 F. Supp. at 574.

The defendants say the Bayers' due process claim fails because there is no direct action for damages against local governments under the Fourteenth amendment except via 42 U.S.C. § 1983, and because the Bayers' complaint doesn't assert a claim under § 1983, the defendants are entitled to judgment as a matter law. While the court agrees the availability of §1983 precludes any other

---

[3]The principal differences between the two statutes is that § 504 applies only to entities receiving federal funding, and the ADA contains no such limitation. Section 504 also requires that the exclusion be solely by reason of disability, while the ADA requires only that the exclusion be by reason of the disability. Washington v.IHSAA, 181 F.3d at 845 n.6 (7th Cir. 1999). The differences in the two statutes aren't implicated in the issues presented in this case, so the court needn't address them.

direct claims against a municipality under the Fourteenth Amendment, <u>Newman</u> <u>v. State of Ind.</u>, 129 F.3d 937, 942 (7th Cir. 1997), that the Bayers didn't state in their complaint that they are proceeding under §1983 isn't fatal to their due process claim.[4]

Pro se plaintiffs like the Bayers need not plead legal theories or specify the statute under which they seek to recover. <u>Small v. Chao</u>, 398 F.3d 894, 898 (7th Cir. 2005); <u>Shah v. Inter-Continental Chicago Hotel Operating Corp.</u>, 314 F.3d 278, 282 (7th Cir. 2002). "To state claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). There is no heightened pleading standard in civil rights cases, <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 323 (7th Cir. 2000), and the Bayers' complaint sets forth facts sufficient to give the defendants notice of the Bayers' claim that they have been denied a property interest. <em>See</em> <u>Harrell v. Cook</u>, 169 F.3d 428, 432 (7th Cir. 1999). The defendants cite no binding authority for the proposition that plaintiffs alleging a deprivation of a constitution right against a municipality must also state in their

---

[4] Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred, <u>Farrell v. McDonough</u>, 966 F.2d 279, 280 (7th Cir. 1992), and Indiana's personal injury statute of limitations is two years. Ind. Code § 34-11-2-4. Although the defendants argued in their first summary judgment motion, and the court agreed, that the Bayers' IDEA claim was limited to events that occurred on or after February 8, 2001, they raise the issue of the statute of limitation barring the Bayers' § 1983 due process claim for the first time in their most recent reply brief. The defendants have therefore waived this argument for summary judgment purposes. <u>James v. Sheahan</u>, 137 F.3d 1003, 1008 (7th Cir. 1998).

complaint that they are proceeding under § 1983.[5] Moreover, the Bayers' summary judgment response indicates they are proceeding under § 1983, and it is acceptable for plaintiffs to wait until their response to summary judgment to identify a legal theory. <u>Ryan v. Illinois Dept. of Children and Family Services</u>,185 F.3d 751, 764 (7th Cir. 1999). In light of their pro se status, the court cannot say the Bayers' due process claim fails for not being pleaded with citation to § 1983.

The defendants also say the Bayers' § 1983 due process claim fails because the defendants complied with the IDEA. The court cannot agree. Remedies available under IDEA are in addition to those available under the Constitution and other federal civil rights statutes, 20 U.S.C. § 1415(f); <u>Pihl v. Massachusetts Dept. of Education</u>, 9 F.3d 184, 190 n.9 (1st Cir. 1993); <u>Mrs. W. v. Tirozzi</u>, 832 F.2d 748, 751 (2nd Cir. 1987), and unlike the plaintiffs in <u>Monticello School Dist. No. 25 v. George L. on Behalf of Brock L.</u>, 102 F.3d 895 (7th Cir. 1996), and <u>Crocker v. Tennessee Secondary School Athletic Ass'n</u>, 980 F.2d 382 (6th Cir.1992), the Bayers don't base their § 1983 claim on violations of the IDEA. The Bayers' complaint and summary judgment response allege that Billy's due process rights under the Fourteenth Amendment where violated when he was denied special education services before the development of his IEP without an opportunity to be

---

[5]The defendants cite <u>Moses v. City of Evanston</u>, 1995 WL 625431 (N.D. Ill. 1995), which was affirmed by an unpublished court of appeals opinion, 97 F.3d 1454. But the appeal in that case wasn't decided on the issue of whether the plaintiff had sufficiently alleged a § 1983 claim. Instead, the court assumed *arguendo* that the plaintiff had adequately raised his § 1983 theory before determining that the pre-suspension procedures provided by the defendant satisfied due process.

heard, so the defendants' eventual compliance with the IDEA doesn't preclude the Bayers' due process claim.[6]

Finally, the defendants say the Bayers' §1983 due process claim fails because the Indiana Department of Education—the agency responsible for overseeing due process hearings and the appeals process of matters arising under Indiana special education law—is not named as a defendant. The court cannot agree. The Bayers claim Duneland School Corporation denied Billy a timely special education evaluation, as well as services he was entitled to despite not yet having been determined to be eligible for special education. Under Indiana law, school corporations are required to provide both an evaluation of whether a child is disabled and protections for students suspected of needing services until they can be evaluated. E.N. ex rel. Nesbitt v. Rising Sun-Ohio County Community School Corp., 720 N.E.2d 447, 449 (Ind. App. 1999); 511 IAC 7-17-60; 511 IAC 7-25-4; 511 IAC 7-29-8. Because the Bayers' due process claim deals with the denial of protections that school corporations are required to provide, the court cannot say they have asserted their claim against an improper party.

---

[6] The defendants argue in their reply that the Bayers' alleged due process violations are so intertwined with their alleged IDEA violations, that the plaintiffs' § 1983 claim must be summarily dismissed. The defendants cite no legal authority for this proposition, and the court doesn't agree. While Indiana's Article 7 (511 IAC 7-17 *et seq.*) is a promulgation of the IDEA, the IDEA sets the floor for the amount of protection Indiana must provide disabled students. There is nothing prohibiting Indiana from enacting additional protections for disabled students, thus creating additional entitlements which public agencies cannot deprive without due process. *See, e.g.,* Gill v. Columbia 93 School Dist., 217 F.3d 1027, 1035 (8th Cir. 2000). For example, 511 IAC 7-29-8 requires special education services for students who haven't yet been determined to be eligible when the parent expresses concerns that the student is in need of special education.

Based upon the grounds which the defendants move for summary judgment, the court cannot say they entitled to judgment as a matter of law, so their motion is denied with the respect to the Bayers' due process claim.

The Bayers' final claim is that defendants have violated FERPA by not giving Mrs. Bayer access to Billy's education file. The defendants say this claim fails since there is no private right of action under FERPA. The court agrees. *See* Shockley v. Svoboda, 342 F.3d 736, 741 (7th Cir. 2003) (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 284-291 (2002)) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action" . . . "[w]ith this principle in mind, there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights"). The defendants' motion for summary judgment on the Bayers' FERPA claim is granted.[7]

For the foregoing reasons, the defendants' motion for summary judgment [Docket No. 93] is GRANTED IN PART and DENIED IN PART. It is GRANTED insofar as the court finds as a matter of law that the defendants did not violate § 504 of the Rehabilitation Act, the ADA, and FERPA. It is DENIED insofar as the

---

[7]In their response, the Bayers cite Doe v. Gonzaga University, 24 P.3d 390 (Wash. 1991), for the proposition that even if FERPA doesn't give rise to a private right of action, an individual can assert a cause of action under FERPA pursuant to § 1983. The Supreme Court in overruling this case, though, stated "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere," so a plaintiff cannot create a right not provided for under FERPA by bringing a claim under § 1983. Gonzaga Univ. v. Doe, 536 U.S. at 285.

court cannot say the defendants are entitled to a judgment as a matter of law on the plaintiffs' due process claim, so this claim continues to pend.

SO ORDERED.

Entered:  May 31, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:    counsel of record