UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY BAYER, by his parent and next friend MARIE BAYER, and MARIE BAYER, ) ) ) ) | |
| Plaintiffs ) ) | |
| v. ) | CAUSE NO.  3:04-CV-074 RM |
| ) DUNELAND SCHOOL CORP., and ) PORTER COUNTY EDUCATION ) INTERLOCAL ) Defendants ) | |

OPINION AND ORDER

Marie Bayer, without benefit of counsel, sues Duneland School Corporation and Porter County Education Interlocal on behalf of herself and her son Billy, alleging violations of the Individuals with Disabilities Education Act, § 504 of the Rehabilitation Act, the Americans with Disabilities Act, the Due Process Clause of the Fourteenth Amendment, and the Family Educational Rights Privacy Act. After two rounds of summary judgment motions, the only remaining claim is the Bayers' due process claim brought pursuant to 42 U.S.C. § 1983.[1] At a scheduling conference held on July 17, 2006, the court extended the dispositive motions deadline, and the parties filed cross-motions for summary judgment. For the reasons that following, the court grants the defendants' motion and denies the Bayers' motion.

---

[1] For a complete recitation of the background facts, SEE Doc. No. 79 and 97.

The defendants first argued the statute of limitations barred the Bayers' due process claim in a previous reply brief, but because the Bayers had no opportunity to respond, the court declined to address the issue. The defendants again say the action is time-barred. Despite an opportunity to respond, the Bayers haven't objected to the limitations period in either their response or cross-motion for summary judgment, so the issue is ripe for ruling.

"Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred." Behavioral Institute of Indiana, LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005) (citing Wilson v. Garcia, 471 U.S. 261, 276-280(1985)). Indiana's personal injury statute of limitations is two years, IND CODE § 34-11-2-4, so the statute of limitations on the Bayers' § 1983 action is also two years. Behavioral Institute of Indiana v. Hobart City of Common Council, 406 F.3d at 929. "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." Id (citing Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993)). "A claim accrues for § 1983 purposes 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" Id (quoting Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1992)). This determination entails two steps: (1) the court must identify the injury, and then (2) it must determine the date on which the plaintiffs could have sued for that injury. Id.

The due process injury asserted in this case is the denial of special education services before the development of Billy's education plan without an

2

opportunity to be heard. Ms. Bayer first expressed concerns regarding Billy's education plan in January 1998, so Billy's due process claim generally would have accrued at this point. *See* Kelly v. City of Chicago, 4 F.3d at 511; *see also* 511 IAC 7-29-8.  The Bayers, however, couldn't have been reasonably expected to sue at that time. *See* Marie O. v. Edgar,131 F.3d 610, 622 (7th Cir. 1997).

The Bayers' due process claim isn't premised on an IDEA violation, but because their action deals with inadequate educational services that the IDEA administrative procedures and remedies can redress, the IDEA exhaustion requirement is triggered. *See* McCormick v. Waukegan School Dist. #60, 374 F.3d 564, 567-568 (7th Cir 2004); Charlie F. v. Board of Education of Skokie School District 68, 98 F.3d 989, 992 (7th Cir. 1996) (courts should look to the "theory behind the grievance" to see if the IDEA's process was activated; does the complaint "deal[] with acts that have both an educational source and an adverse educational consequence"); Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 57-64 (1st Cir. 2002)(holding that the plaintiff must exhaust administrative remedies when she sought money damages under 42 U.S.C. § 1983, alleging that the school inappropriately disciplined her for conduct related to her disability).This means the federal doctrine of equitable tolling applies, and it limits § 1983 claims to within two years of when the plaintiffs requested a due process hearing. *See* Board of Regents v. Tomanio, 446 U.S. 478, 490-491 (1980); *see also* Weyrick v. New Albany-Floyd County Consolidated School Corp., 2004 WL 3059793 (S.D. Ind. 2004).

Ms. Bayer requested a due process hearing on February 8, 2003, so the plaintiffs may only bring claims based on conduct that occurred on or after February 8, 2001. The Bayer's due process claim is premised on conduct that occurred before the development of Billy's IEP — before January 1998. Accordingly, the Bayers' due process claim is barred.

To the extent the Bayers assert a due process claim in their motion for summary judgment based upon the development of Billy's IEP in violation of the IDEA, the defendants are entitled to judgment as a matter of law on this claim. The court already has determined that the "Bayers haven't made the required showing that [any] procedural violations adversely affected the development of Billy's IEP or caused 'substantive harm' to Billy or his parents." Nothing in the Bayers' most recent filings persuades the court that its previous determination was incorrect, or that the hearing officer and the Board of Special Education Appeals erred in concluding that the defendants provided Billy with an appropriate education as required by the IDEA. As such, the Bayers cannot maintain a due process action predicated on violations of the IDEA. <u>Monticello School Dist. No. 25 v. George L. on Behalf of Brock L.</u>, 102 F.3d 895, 904 (7th Cir. 1996) ("Since a § 1983 action is predicated upon a violation of an individual's rights, and compliance with the IDEA's substantive and procedural mandates was found to have occurred here, there can be no valid § 1983 claim in this case.").

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment [Doc. No. 104], DENIES the plaintiffs' motion for summary

judgment [Doc. No. 110], and VACATES the November 16, 2006 trial setting, along with all other deadlines. The clerk shall enter judgment accordingly.

SO ORDERED.

Entered:  October 12, 2006

                    /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court

cc: counsel of record/M. Bayer